# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| JOHNNY DWAYNE ADAMS, | ) | |
| Plaintiff, | ) | Civil Action No. 7:12-cv-00462 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| SWVRJA, *et al.*, | ) | By: Norman K. Moon |
| Defendants. | ) | United States District Judge |

Plaintiff Johnny Dwayne Adams, a Virginia inmate proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343, against Southwest Virginia Regional Jail Authority and Dr. Ofought and alleges that the defendants violated his constitutional rights by denying him adequate medical treatment. I find that Adams' allegations do not rise to the level of a constitutional violation against either of the named defendants and, therefore, I will dismiss his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.

Adams alleges that for approximately one month, he made requests to the medical department to obtain tennis shoes. At some point subsequent to his requests, Adams alleges that he was seen by Dr. Ofought, who determined that Adams did not need tennis shoes considering the amount of physical activity in which Adams engaged. Adams alleges that Dr. Ofought told him that Adams was a Department of Corrections inmate and, therefore, Dr. Ofought did not have to "treat" him and that he was not going to "fix" him. Adams also complains about pain, medication, and allegedly deficiently medical treatment concerning an unspecified part of his body; however, he does not allege any facts against the named defendants concerning these allegations.

**II.**

To the extent Adams names the Southwest Virginia Regional Jail Authority as defendant to his action, his claim fails. To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). "Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 690 (1978). Thus, a governmental entity, such as a regional jail, is liable under § 1983 only when the entity itself is a "moving force" behind the deprivation. *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981). That is, the entity's official policy must have played a part in the alleged violation of federal law. *Oklahoma City v. Tuttle*, 471 U.S. 808, 817–818 (1985). Although a *pro se* complaint will be held to "less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted), a complaint must still "contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Here, Adams has failed to show that any official policy of the Southwest Virginia Regional Jail Authority was responsible for the constitutional violations he allegedly suffered. Accordingly, I will dismiss Adams' claims against the Southwest Virginia Regional Jail Authority.

**III.**

Adams also alleges that Dr. Ofought denied him adequate medical treatment concerning a requested pair of tennis shoes. However, I find that Adams' allegations against Dr. Ofought do not rise to the level of a constitutional violation and, therefore, I will dismiss Adams' claim against Dr. Ofought.

To state a cognizable Eighth Amendment claim for denial of medical care, a plaintiff must allege facts sufficient to demonstrate that jail officials were deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Staples v. Va. Dep't of Corr.*, 904 F.Supp. 487, 492 (E.D. Va. 1995). To establish deliberate indifference, a plaintiff must present facts to demonstrate that the defendant had actual knowledge of and disregard for an objectively serious medical need. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also Rish v. Johnson*, 131 F.2d 1092, 1096 (4th Cir. 1997). A claim concerning a disagreement between an inmate and medical personnel regarding diagnosis or course of treatment does not implicate the Eighth Amendment. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985); *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975); *Harris v. Murray*, 761 F. Supp. 409, 414 (E.D. Va. 1990). Questions of medical judgment are not subject to judicial review. *Russell*, 528 F.2d at 319 (citing *Shields v. Kunkel*, 442 F.2d 409 (9th Cir. 1971)). A delay in receiving medical care, with no resulting injury, does not violate the Eighth Amendment. *See Strickler v. Waters*, 989 F.2d 1375, 1380-81 (4th Cir. 19993); *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993); *Wynn v. Mundo*, 367 F. Supp. 2d 832, 838 (M.D.N.C. 2004).

Adams acknowledges that he has been seen and evaluated by Dr. Ofought concerning his request for tennis shoes. Although Adams may disagree with Dr. Ofought's assessment of Adams' medical need for the shoes, his claim is nothing more than a doctor-patient

3

disagreement, which is not actionable under the Eighth Amendment. Accordingly, I find that Adams has failed to state a constitutional claim against Dr. Ofought and, therefore, I will dismiss Adams' claim.

## IV.

For the stated reasons, I will dismiss Adams' complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

The Clerk of the Court is directed to send copies of this memorandum opinion and accompanying Order to the parties.

**ENTER**: This 26th day of November, 2012.

/s/ Norman K. Moon
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE